**Castural THOMPSON, Plaintiff,**

v.

**WAL–MART STORES, INC., Defendant.**

No. 03–5307.

United States District Court,
W.D. Arkansas,
Ft. Smith Division.

March 10, 2004.

John W. Walker, Little Rock, AR, for Plaintiff.

Michael S. Moore, Little Rock, AR, for Defendant.

## MEMORANDUM OPINION AND ORDER

DAWSON, District Judge.

Plaintiff brings suit alleging that Defendant employer's demotion of him was based on racial discrimination and in violation of 42 U.S.C. § 1981. Currently before the Court is Defendant's motion to dismiss. (Doc. 2.) Defendant argues that Plaintiff's claim is time barred. For the reasons stated below, the Court concludes that the three year statute of limitations set forth in Ark.Code Ann. 16–56–105 applies to § 1981 actions and DENIES Defendant's Motion to Dismiss.

Unfortunately, 42 U.S.C. § 1981 does not contain its own statute of limitations. Federal courts in considering § 1981 claims must therefore apply the most analogous state statute of limitations. 42 U.S.C. § 1988; *Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, 462, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975). In *Martin v. Georgia–Pacific Corp.*, the Eighth Circuit held that the statute of limitations for an action brought in Arkansas under 42 U.S.C. § 1981 was three years. 568 F.2d 58, 62–63 (8th Cir.1977). Defendant contends that the three year statute of limitations no longer controls because the Arkansas Civil Rights Act

(ACRA), Ark.Code Ann. § 16–123–107(c)(3)(Supp.2003), which was passed in 1993, is the most analogous statute of limitations for a § 1981 claim. This statute provides for a one-year statute of limitations.

In selecting the limitation period to apply, the Court must recognize the federal interests embodied in § 1981. *See Burnett v. Grattan,* 468 U.S. 42, 55, 104 S.Ct. 2924, 82 L.Ed.2d 36 (1984). The central objective of § 1981 is to provide very broad remedial relief to victims of racial discrimination. *See id; Goodman v. Lukens Steel Co.,* 482 U.S. 656, 661, 107 S.Ct. 2617, 96 L.Ed.2d 572 (1987). As racial discrimination is a fundamental injury to the rights of a person, § 1981 claims are, in essence, personal injury claims, and courts should apply the state statute applicable to personal injury actions. *See Goodman,* 482 U.S. at 661, 107 S.Ct. 2617.

Federal courts cannot borrow state statutes that recognize different interests in statute of limitations, such as the need for repose, judicial economy or other state policy goals, by shortening the limitations period. *See Burnett,* 468 U.S. at 53, 104 S.Ct. 2924. The ACRA's one-year limitation period is inconsistent with § 1981's interest in providing relief to victims of racial discrimination. *See id. See also Banks v. Chesapeake and Potomac Tel. Co.,* 802 F.2d 1416, 1421 (D.C.Cir.1986) (rejecting applicability of one year limitation period contained in District of Columbia's Human Rights Act as unduly short for § 1981 claims). Moreover, although the ACRA prohibits discrimination in employment, accommodations, property transfers, voting, and contractual transactions, it does not apply to many forms of discrimination remediable under § 1981. *See* Ark.Code Ann. § 16–23–107(a) For example, § 1981 addresses the right to a jury selected without racial discrimination and the right to

be free from racial discrimination in a union grievance procedure. *See Banks,* 802 F.2d at 1421(internal citations omitted). The Court concludes that the three year statute of limitations contained in Ark.Code Ann. § 16–56–105 is the most analogous to § 1981 claims and therefore DENIES Defendant's motion to dismiss. (Doc. 2.) Defendants have twenty days to file an answer, and once an answer is filed, an initial scheduling order will issue.